Joel Ricardo **FLORES**, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–71474.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2013.*

Filed May 17, 2013.

Jaehoh John Suh, Esquire, Law Office of Jaehoh Suh, Van Nuys, CA, for Petitioner.

OIL, Jennifer Paisner Williams, David V. Bernal, Assistant Director, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

#### MEMORANDUM **

Joel Ricardo Flores, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") or-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

der dismissing his appeal from an immigration judge's decision denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion the agency's denial of a motion to reopen. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review.

The agency did not abuse its discretion in denying Flores's motion to reopen where notice of the deportation hearing was sent by certified mail to Flores' address of record, the same address where Flores had received the Order to Show Cause. *See* 8 U.S.C. § 1252b(c)(1) (repealed) (written notice shall be considered sufficient if provided at the most recent address provided by respondent). Flores has not provided any "substantial and probative evidence" to rebut the presumption of proper service. *See Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir.1997) (per curiam).

In light of our conclusion, we decline to address Flores's contention that the BIA improperly found that he did not act with due diligence.

Flores's argument that the BIA ignored his argument that actual service is required is belied by the record.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.